UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **WALTER P. DRAKE** | ) | No. 3:09-0929 |
| | ) | (Criminal Case |
| v. | ) | No. 3:05-00209) |
| | ) | Judge Echols |
| **UNITED STATES OF AMERICA** | ) | |

**O R D E R**

Pending before the Court is Respondent's Motion to Waive Attorney-Client Privilege, to which Movant has not responded. The Government states that in order to adequately respond to Movant's Sixth Amendment allegations of ineffective assistance of counsel, it will need to contact Movant's prior counsel who is alleged to have been ineffective and obtain affidavits and/or testimony from her. Therefore, the Government requests an order holding that Movant has waived his attorney-client privilege as to the ineffective assistance of counsel claims raised in his habeas corpus petition.

The attorney-client privilege is intended to encourage full and frank communication between client and attorney. "Although the privilege typically is the client's to assert or waive, courts have recognized that a client implicitly waives the attorney-client privilege by putting the attorney's performance at issue during subsequent litigation." Mason v. Mitchell, 293 F. Supp.2d 819, 823 (N.D. Ohio 2003) (citing Hunt v. Blackburn, 128 U.S. 464 (1888); Bittaker v. Woodford, 331 F.3d 715, 718-20 (9th Cir. 2003)).

The Sixth Circuit addressed this issue in Cooper v. United States, 5 F.2d 824 (6th Cir. 1925) when it held as follows:

> The rule which forbids an attorney from divulging matters communicated to him by his client in the course of professional employment is for the benefit of the client. But it may be waived by the client; and when a client, in attempting to avoid responsibility for his acts, as in this case, divulges in his testimony what he claims were communications between himself and his attorney, and especially when his version of what transpired reflects upon the attorney, the reason for the rule ceases to exist, and the attorney is at liberty to divulge the communications about which the client has testified.

Cooper, 5 F.2d at 825 (citing Hunt, 128 U.S. 464). The Sixth Circuit has also noted that there may be implied waivers of the attorney-client privilege in habeas cases "when the petitioner 'injects into [the] litigation an issue that requires testimony from [his] attorneys, or the testimony concerning the reasonableness of [his] attorneys' conduct.'" In re Lott, 424 F.3d 446, 453 (6th Cir. 2005) (quoting Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001)). "The implied waiver in habeas proceedings has typically been the result of a petitioner's assertion of his own counsel's ineffectiveness." Id.

While the Movant may waive the attorney-client privilege, "the waiver in habeas cases should be limited to the extent necessary to litigate a petitioner's ineffective assistance of counsel claims." Mason, 293 F.Supp.2d at 823 (citing Bittaker, 331 F.3d at 722). A respondent does not have broad latitude to

2

delve into other areas of attorney-client communications. Id. at 824.

The Court finds that Movant's allegations of ineffective assistance of counsel in his § 2255 Motion constitute a wavier of his attorney-client privilege to the extent he charges malfeasance and/or misconduct by his former attorney. To rule otherwise would silence these attorneys so the Government could not call them as witnesses to explain their actions.

Therefore, the Government's Motion to Waive Attorney-Client Privilege is hereby GRANTED. Movant has waived the attorney-client privilege on the ineffective assistance of counsel issues he raises. The Government is granted leave to question Movant's former counsel, Mariah Wooten, as to these claims. Any information obtained from counsel shall be used only with regard to the litigation of Movant's § 2255 Motion and for no other purpose.

IT IS SO ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE