UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WALTER P. DRAKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-00929 |
| ) | JUDGE HAYNES |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM

Petitioner, Walter P. Drake, previously filed in this district an action under 28 U.S.C. § 2255, seeking to vacate his federal conviction of being a convicted felon in possession of a firearm that was denied on its merits on April 30, 2010. See Docket Entry Nos. 15 and 16. In dismissing the action, the Court denied Petitioner a Certificate of Appealability ("COA"). On May 27, 2010, the Petitioner filed a motion under Fed. R. Civ. P. 59(e) to alter or amend that was denied on October 7, 2010. See Docket Entry No. 37. Petitioner subsequently filed an "Objection as to Order of Denial" (Docket Entry No. 41). After consideration by the Court, Petitioner's "Objection as to Order of Denial" was denied on October 26, 2010. See Docket Entry No. 42.

Before the Court is Petitioner's motion to extend time to appeal or reopen the time to file an appeal to the Sixth Circuit (Docket Entry No. 45), contending that the time for filing an appeal should be tolled until March 10, 2011, for excusable neglect. Petitioner asserts that he was unaware that he could appeal the denial of his § 2255 motion based upon his denial of a COA. In calculating the date by which Petitioner was required to file his appeal, Petitioner asserts that between October

26, 2010 to March 10, 2011, the Court must excuse all federal holidays during that time period and periods of institutional lockdown from October 29, 2010 to November 15, 2010, December 6, 2010 to December 20, 2010, and February 1, 2011 to February 23, 2011.

If a court denies a COA, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."[1] See Rule 11(a), Rules Governing § 2255 Proceedings (2009). "The time for filing a notice of appeal of an order denying a § 2255 motion is governed by Rule 4(a) of the Federal Rules of Appellate Procedure." United States v. Cornish, Nos. 05-2066-STA-dkv, 00-20056-JDB(JSG), 2010 WL 3063838, at *2 (W.D. Tenn. Aug. 2, 2010) (citing Rule 11(b), Rules Governing § 2255 Proceedings). Under Fed. R. App. 4(a)(1)(B), a party must file a notice of appeal against the United States within sixty days after the judgment or order appealed from is entered. If a party timely files a motion to alter or amend the judgment under Fed. R. Civ. P. 59, the time to file an appeal runs from the entry of the order disposing of the last such remaining motion. Fed. R. App. P. 4(a)(4)(A)(iv). "A timely notice of appeal 'is both a mandatory and a jurisdictional prerequisite.'" United States v. Perry, 360 F.3d 519, 522 (6th Cir. 2004) (quoting United States v. Christunas, 126 F.3d 765, 767 (6th Cir.1997)).

Under Fed. R. App. P. 4(a)(5),

(A) The district court may extend the time to file a notice of appeal if:

---

[1] Federal Rule of Appellate Procedure 22 provides, in relevant part: "If the district judge has denied the certificate, the applicant may request a circuit judge to issue it. A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes. If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Fed. R. App. P. 22(b)(1), (2).

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

In computing the time period for Petitioner's filings, Fed. R. App. P. 26(a) provides as follows:

When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;
(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. App. P. 26(a)(1)(A)-(C). The Court denied Petitioner's "Objection as to Order of Denial" on October 26, 2010. Thus, Petitioner had until December 27, 2010, to file his appeal with the Sixth Circuit.[2] Petitioner had thirty days thereafter or until January 27, 2011, to file a motion to extend time to appeal.

In his affidavit, Petitioner states that a "legal clerk" at the prison informed him that Petitioner had sixty days to file an appeal and that he would assist Petitioner in filing an appeal, but that the prison went on lockdown from October 29, 2010 until November 15, 2010. (Docket Entry No. 46, at ¶¶ 6-7). Petitioner states that during the lockdown Petitioner was unable to get his "legal papers," but "[o]nce [he] obtained [his] legal papers and sought legal assistance to file the COA appeal, the Prison went on lockdown again from December 6, 2010 until December 20, 2010." Id. at ¶ 7, 9. In

---

[2]The Court takes judicial notice that December 26, 2010 was a Sunday. Fed. R. Evid. 201.

3

addition, Petitioner works in the prison's food service department from 4:00 a.m. to 2:00 p.m., preparing meals and his "leisure time" is limited. Id. at ¶ 8. Petitioner also states that the prison law library is closed on Friday, Saturday and Sunday evenings and on federal holidays. Id. at ¶ 10. According to Petitioner, the prison went on lockdown again on February 1, 2011 to February 23, 2011. Id. at ¶ 11. Petitioner asserts that "[d]ue to the circumstances beyond my control, my institutional obligations, and the fact that according to the Court order I did not believe that I could file an appeal or COA to the Court of Appeals because the District Court said that I could not do so." Id. at ¶ 12.

As an initial matter, "[i]gnorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." Nicholson v. City of Warren, 467 F.3d 525, 527 (6th Cir. 2006) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993)). Moreover, "mistakes by those who proceed without counsel are not necessarily excusable." Id. (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). In any event, based upon Petitioner's affidavit, Petitioner was aware that he could file an appeal on or about October 29, 2010. See Docket Entry No. 46, at ¶¶ 6-7. While the prison went on lockdown from October 29, 2010 to November 15, 2010, and December 6, 2010 to December 20, 2010, Petitioner obtained his legal papers by December 6, 2010 and the lockdown ended December 20, 2010, giving Petitioner until December 27, 2010 to file his appeal. Id. at ¶ 9. Further, Petitioner had until January 27, 2011 to file a motion to extend the time to file a notice of appeal, but Petitioner fails to provide a sufficient basis for his failure to do so. Petitioner's reliance on the February lockdown is misplaced because the time for filing the motion to extend had already run on January 27, 2011. Thus, Petitioner's

motion to extend the time to appeal is untimely. See Martin v. Straub, 27 Fed. Appx. 337, 338 (6th Cir. 2001).

Accordingly, for these reasons, the Court concludes that Petitioner's motion to extend time to appeal or reopen the time to file an appeal to the Sixth Circuit (Docket Entry No. 45) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 2nd day of June, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge